UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERICK CANFIELD,

                    Plaintiff,

v.                                                   6:24-cv-1357
                                                     (GTS/TWD)

STATE OF NEW YORK,

                    Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

FREDERICK CANFIELD
*Plaintiff, pro se*
23-B-5349
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

### I.     INTRODUCTION

      The Clerk has sent to the Court for review a complaint submitted by *pro se* plaintiff Frederick Canfield ("Plaintiff") asserting claims pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff, who was confined at the Oneida County Correctional Facility at the time of filing, has not paid the filing fee for this action and seeks leave to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 2, 3.

### II.    IFP APPLICATION

      "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No.

1:09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."  *Id.* (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)); *see also* 28 U.S.C. § 1915A(c) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").

Upon review, Plaintiff's IFP application demonstrates economic need.  Dkt. No. 2. Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed the inmate authorization form required in this District, Dkt. No. 3, he is granted permission to proceed IFP.[1]

## III.    BACKGROUND

Plaintiff alleges on July 12, 2024, his parole officer Peter Tartaglia and Sheriff's Officer Sergeant Kimmerer "Came to my brothers house and conducted a unlawful, unwarrented, and illegal search of my friend camper that led to my unlawful arrest and unlawful imprisonment . . . ."  Dkt. No. 1 at 4.[2]  Plaintiff has listed only the State of New York as a Defendant.  *See id.* at 2. He further explained, "I'm suing the State of New York Because they are responsible for them." *Id.* at 5.

---

[1] Although his IFP application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.
[2] Citations to Plaintiff's submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system.  Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

Plaintiff identified three claims: (1) "Peter Tartaglia my parole officer conducted a illegal and unlawful search and seizure violating my 4th Amendment Right;" (2) "By Acting as Peter Tartaglia DID it deprived my of my lief, liberty and property violating my Fourteenth Amendment Right;" and (3) "Sgt. Kimmerer also conducted a illegal unlawful search and seizure that violated my fourth Amendment Right and my 14th Amendment." *Id*. at 5. He seeks $250,000 in damages. *Id*.

The Court takes judicial notice of the New York State Department of Corrections and Community Supervision ("DOCCS") public administrative records which indicate "Fredrick Canfield," DIN 23B5349, was accepted into DOCCS custody on February 3, 2025, and list the admission type as "RETURN FROM PAROLE/COND REL." *See* https://nysdoccslookup.doccs.ny.gov/ (site last visited on Feb. 14, 202); *see also*, *e.g.*, *Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 453 (E.D.N.Y. 2018) ("The Court may take judicial notice of Plaintiff's DOCCS inmate lookup information . . . ."); *Peterkin v. Mullin*, No. 5:24-CV-0377 (GTS/TWD), 2024 WL 2022054, at *1 (N.D.N.Y. May 6, 2024) (taking judicial notice of the plaintiff's conviction based on information obtained via the DOCCS Incarnated Lookup search page), *report and recommendation adopted*, 2024 WL 4262573 (N.D.N.Y. Sept. 23, 2024).

## IV.    LEGAL STANDARD

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2); § 1915(e)(2)(B)(i)-(iii); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when

the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest arguments that they *suggest*."  *Triestman v. Fed. Bureau of Prisons*,

470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citation omitted, emphasis in

original).  A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of

factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the

factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless

legal theory.").

Additionally, when reviewing a complaint, a court may look to the Federal Rules of Civil

Procedure.  To survive dismissal for failure to state a claim, a complaint must contain a short and

plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

This short and plain statement of the claim must be "plausible on its face."  *Twombly*, 550 U.S. at

570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim upon which relief may be granted, "the

court must accept the material facts alleged in the complaint as true and construe all reasonable

inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994)

(citations omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

Moreover, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## V.    ANALYSIS

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  *See* U.S. CONST. AMEND. XI ("[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890). This Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit.  *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009); *see also, e.g., Jackson v. Battaglia*, 63 F. Supp. 3d 214, 219-20 (N.D.N.Y. 2014) ("[a]s a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that

immunity by Congress.") (internal quotations and citation omitted).  "This jurisdictional bar applies regardless of the nature of the relief sought."  *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100.

It is well-settled that Congress did not abrogate states' immunity through Section 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the type of claims asserted in plaintiff's complaint, *see generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).  Accordingly, Plaintiff's claims against the State of New York are barred by Eleventh Amendment immunity. Therefore, the undersigned recommends the instant complaint, which contains only claims against the State of New York, be dismissed as frivolous pursuant to § 1915(e)(2)(B)(i).  *See, e.g., Fennelly v. City of Troy*, No. 1:24-CV-0172 (MAD/TWD), 2024 WL 3298967, at *4 (N.D.N.Y. May 10, 2024), *report and recommendation adopted*, 2024 WL 2830577 (N.D.N.Y. June 4, 2024); *White v. Mielnicki*, No. 9:21-CV-0791 (LEK/TWD), 2021 WL 12188656, at *3 (N.D.N.Y. Sept. 9, 2021).

## VI.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**, and it is

**RECOMMENDED** that plaintiff's complaint be **DISMISSED**; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report-Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[3]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: February 19, 2025
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

2010 WL 5185047
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

David J. CASH, Plaintiff,
v.
BERNSTEIN, MD, Defendant.

No. 09 Civ.1922(BSJ)(HBP).
|
Oct. 26, 2010.

*REPORT AND RECOMMENDATION* [1]

[1]    At the time the action was originally filed, the Honorable Leonard B. Sand, United States District Judge, granted plaintiff's application for *in forma pauperis* status based on plaintiff's *ex parte* submission (Docket Item 1). Although the present application seeking to revoke plaintiff's *in forma pauperis* status is non-dispositive, I address it by way of a report and recommendation to eliminate any appearance of a conflict between the decision of a district judge and that of a magistrate judge.

PITMAN, United States Magistrate Judge.

**\*1**  TO THE HONORABLE BARBARA S. JONES, United States District Judge,

I. *Introduction*
By notice of motion dated March 4, 2010 (Docket Item 11), defendant moves pursuant to 28 U.S.C. § 1915(g) to revoke plaintiff's *in forma pauperis* ("IFP") status on the ground that plaintiff has previously had at least three Section 1983 actions dismissed as frivolous, malicious or failing to state a claim upon which relief could be granted, and has not shown that he is in imminent danger of serious physical injury. Defendant further seeks an order directing that the action be dismissed unless plaintiff pays the full filing fee within thirty (30) days. For the reasons set forth below, I respectfully recommend that defendant's motion be granted.

II. *Facts*
Plaintiff, a sentenced inmate in the custody of the New York State Department of Correctional Services, commenced this action on or about January 12, 2009 by submitting his complaint to the Court's Pro Se office. Plaintiff alleges, in pertinent part, that he has "a non-healing ulcer that is gane green [*sic* ]" and that defendant Bernstein "did not want to treat the ulcer right" (Complaint, dated March 3, 3009 (Docket Item 2) ("Compl."), at 3).

The action was originally commenced against two defendants—Dr. Bernstein and Dr. Finkelstein. The action was dismissed as to Dr. Finkelstein because the complaint contained no allegations whatsoever concerning Dr. Finkelstein (Order dated February 18, 2010 (Docket Item 9)).

On March 4, 2010, the sole remaining defendant—Dr. Bernstein—filed the current motion. Plaintiff failed to submit a response. Accordingly, on August 20, 2010, I issued an Order advising plaintiff that if he wished to oppose the motion, he must submit

his opposition by September 15, 2010 and that after that date I would consider the motion fully submitted and ripe for decision (Order dated August 20, 2010 (Docket Item 15)). The only submission plaintiff has made in response to my Order is a multi-part form issued by the New York State Department of Correctional Services entitled "Disbursement or Refund Request." [2] By this form, plaintiff appears to request that the New York State Department of Correctional Services pay the filing fee for this action. The form is marked "Denied."

[2]    Plaintiff sent this form directly to my chambers, and it has not been docketed by the Clerk of the Court. The form will be docketed at the time this Report and Recommendation is issued.

### III. *Analysis*

28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged. Although an indigent, incarcerated individual need not prepay the filing fee at the time at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts. 28 U.S.C. § 1915(b); *Harris v. City of New York,* 607 F.3d 18, 21 (2d Cir.2010). To prevent abuse of the judicial system by inmates, paragraph (g) of this provision denies incarcerated individuals the right to proceed without prepayment of the filing fee if they have repeatedly filed meritless actions, unless such an individual shows that he or she is in imminent danger of serious physical injury. *See Ortiz v. McBride,* 380 F.3d 649, 658 (2d Cir.2004) ("[T]he purpose of the PLRA ... was plainly to curtail what Congress perceived to be inmate abuses of the judicial process."); *Nicholas v. Tucker,* 114 F.3d 17, 19 (2d Cir.1997). Specifically, paragraph (g) provides:

> **\*2**  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If an inmate plaintiff seeks to avoid prepayment of the filing fee by alleging imminent danger of serious physical injury, there must be a nexus between the serious physical injury asserted and the claims alleged. *Pettus v. Morgenthau,* 554 F.3d 293, 298 (2d Cir.2009).

Section 1915(g) clearly prevents plaintiff from proceeding in this action without prepayment of the filing fee. The memorandum submitted by defendant establishes that plaintiff has had his IFP status revoked on at least four prior occasions as a result of his repeatedly filing meritless actions.

• In 2005, plaintiff commenced an action in the United States District Court for the Northern District of New York seeking to have his infected leg amputated. *Nelson[3] v. Lee,* No. 9:05–CV–1096 (NAM)(DEP), 2007 WL 4333776 (N.D.N.Y. Dec. 5, 2007). In that matter, the Honorable Norman A. Mordue, Chief United States District Judge, accepted and adopted the Report and Recommendation of the Honorable David E. Peebles, United States Magistrate Judge, that plaintiff had brought three or more prior actions that had been dismissed for failure to state a claim and that plaintiff's IFP status should, therefore, be revoked. 2007 WL 4333776 at \*1–\*2.

[3]    It appears that plaintiff uses the names David J. Cash and Dennis Nelson interchangeably. In his complaint in this matter, plaintiff states that the Departmental Identification Number, or DIN, assigned to him by the New York State Department of Correctional Services ("DOCS") is 94–B–0694 (Compl. at 7). DOCS inmate account records submitted by plaintiff

in connection with his application for IFP status indicate that DIN 94–B–0694 is assigned to Dennis Nelson. In addition, the DOCS form described in footnote two bears the docket number of this action, but is signed in the name of Dennis Nelson and was sent in an envelope identifying the sender as Dennis Nelson. A subsequent action has been filed in this Court in which the plaintiff identifies himself as Dennis Nelson but lists his DIN as 94–B–0694, the same DIN used by plaintiff here. Finally, plaintiff has submitted nothing to controvert the assertion in defendant's papers that David Cash and Dennis Nelson are the same person. In light of all these facts, I conclude that David Cash and Dennis Nelson are both names used by plaintiff.

• In *Nelson v. Nesmith,* No. 9:06–CV–1177 (TJM)(DEP), 2008 WL 3836387 (N.D.N.Y. Aug. 13, 2008), plaintiff again filed an action concerning the medical care he was receiving for his left leg. The Honorable Thomas J. McAvoy, United States District Judge, accepted the Report and Recommendation of Magistrate Judge Peebles, and revoked plaintiff's IFP status and dismissed the action on the ground that plaintiff had previously commenced at least three actions that had been dismissed on the merits. 2008 WL 3836387 at *1, *7.

• In *Nelson v. Spitzer,* No. 9:07–CV–1241 (TJM)(RFT), 2008 WL 268215 (N.D.N.Y. Jan. 29, 2008), Judge McAvoy again revoked plaintiff's IFP status on the ground that plaintiff had commenced three or more actions that constituted "strikes" under Section 1915(g) and had not shown an imminent threat of serious physical injury. 2008 WL 268215 at *1–*2.

• Finally, in *Nelson v. Chang,* No. 08–CV–1261 (KAM)(LB), 2009 WL 367576 (E.D.N.Y. Feb. 10, 2009), the Honorable Kiyo A. Matsumoto, United States District Judge, also found, based on the cases discussed above, that plaintiff had exhausted the three strikes permitted by Section 1915(g) and could not proceed IFP in the absence of a demonstration of an imminent threat of serious physical injury. 2009 WL 367576 at *2–*3.

**\*3** As defendant candidly admits, there is one case in which plaintiff's leg infection was found to support a finding of an imminent threat of serious physical injury sufficient to come within the exception to Section 1915(g). *Nelson v. Scoggy,* No. 9:06–CV–1146 (NAM)(DRH), 2008 WL 4401874 at *2 (N.D.N.Y. Sept. 24, 2008). Nevertheless, summary judgment was subsequently granted for defendants in that case, and the complaint was dismissed. Judge Mordue concluded that there was no genuine issue of fact that plaintiff had received adequate medical care for his leg wound and that the failure of the leg to heal was the result of plaintiff's own acts of self-mutilation and interference with the treatment provided. *Nelson v. Scoggy,* No. 9:06–CV–1146 (NAM)(DRH), 2009 WL 5216955 at *3–*4 (N.D.N.Y. Dec. 30, 2009). [4]

[4]    Although the form complaint utilized by plaintiff expressly asks about prior actions involving the same facts, plaintiff disclosed only the *Scoggy* action and expressly denied the existence of any other actions relating to his imprisonment (Compl. at 6).

In light of the foregoing, there can be no reasonable dispute that plaintiff has exceeded the three "strikes" allowed by Section 1915(g) and that he cannot, therefore, proceed here without prepaying the filing fee unless he demonstrates an imminent threat of serious physical injury. Plaintiff has declined to attempt to make this showing in response to defendant's motion, and the only suggestion in the record of serious physical injury is the bare statement in the complaint that plaintiff "need[s] to go back to a wound speci [a]list before the gane green [*sic* ] kills [him]" (Compl. at 5). "However, unsupported, vague, self-serving, conclusory speculation is not sufficient to show that Plaintiff is, in fact, in imminent danger of serious physical harm." *Merriweather v. Reynolds,* 586 F.Supp.2d 548, 552 (D.S.C.2008), *citing Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003) *and White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir.1998); *see also Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir.2003) (imminent danger exception to Section 1915(g) requires "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Given the plaintiff's history, as set forth in the cases described above, I conclude that this vague statement is insufficient to support a finding that plaintiff is in imminent danger of serious physical injury. [5]

5    Plaintiff has sent me several letters describing his wound and its symptoms in detail, and I have no doubt that the wound is serious. However, in granting summary judgment dismissing an action last year based on the same allegations, Judge Mordue of the Northern District found that there was no genuine issue of fact that plaintiff's own conduct was responsible for the ineffectiveness of the treatment he was provided:

> Furthermore, to the extent that Nelson's medical treatment was delayed, much of the delay was due to his own refusal to cooperate with medical staff and his self-mutilations. Nelson's actions to thwart the medical treatment of his wound cannot be construed as interference or indifference by anyone else.... [T]he medical treatment Nelson received complied with constitutional guarantees as it was appropriate, timely, and delayed only by Nelson's own actions.

> *Nelson v. Scoggy, supra,* 2009 WL 5216955 at *4.

> Given plaintiff's total failure to respond to the pending motion and his failure to even deny that he is actively thwarting treatment of his wound, it would be sheer speculation for me to conclude that he is in imminent danger of a serious injury as a result of defendant's conduct.

## IV. *Conclusion*

Accordingly, for all the foregoing reasons, I find that plaintiff has had three or more prior actions dismissed as being frivolous, malicious or failing to state a claim and that plaintiff's *in forma pauperis* status should, therfore, be revoked. If your Honor accepts this recommendation, I further recommend that the action be dismissed unless plaintiff pays the filing fee in full within thirty (30) days of your Honor's final resolution of this motion.

## V. *OBJECTIONS*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Barbara S. Jones, United States District Judge, 500 Pearl Street, Room 1920, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

## All Citations

Not Reported in F.Supp.2d, 2010 WL 5185047

---

**End of Document**     © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 12 of 39

2024 WL 2022054
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Anthony PETERKIN, Plaintiff,

v.

M. MULLIN, et al., Defendants.

5:24-cv-0377 (GTS/TWD)
|
Signed May 6, 2024

**Attorneys and Law Firms**

ANTHONY PETERKIN, Plaintiff, pro se, 29613 Rt. 12, Apt. 7, Watertown, NY 13601.

### REPORT-RECOMMENDATION AND ORDER

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## I. INTRODUCTION

**\*1** The Clerk has sent to the Court for review a complaint submitted by *pro se* plaintiff Anthony Peterkin ("Plaintiff") brought pursuant to 42 U.S.C. § 1983, Dkt. No. 1, as well as a motion to proceed *in forma pauperis* ("IFP"), Dkt. No. 2. For the reasons stated below, the Court recommends Plaintiff's complaint be dismissed.

## II. IFP APPLICATION

Plaintiff has not paid the filing fee for this action and seeks leave to proceed IFP. Dkt. No. 2. Upon review, Plaintiff's IFP application demonstrates economic need. *See id.* at 1-2. Therefore, he is granted permission to proceed IFP.

## III. BACKGROUND

Plaintiff alleges Senior Parole Officer M. Mullin and Parole Officer M. Delaney ("Defendants") violated his Sixth and Fourteenth Amendment constitutional rights. Dkt. No. 1 at 3. He contends the Defendants "contributed to extend my Post Release Supervision beyond the Court ordered legally prescribed time." *Id.* at 4. [1] Plaintiff sets forth the facts of his case as follows:

> On 02/18/21 I was released to the Jefferson County New York State Parole Supervision Watertown Sub-Area Office to begin my sentence's end of Post release supervision. After being "MERIT RELEASE" to the parolre officers there. (see, NYS PL 70.45(b) and annexed exhibit. On 8/19/2022 Parole Officer M. Delaney came to my apartment seeking to enter to affect a search. I would not allow her to enter, stating emphatically that in accordance with law my sentence was officially terminated. Officer M. Delaney disagreed and wrongly circled incorrect dates upon a DOCCS computer Senior Parole Officer M. Mullin informed me that I would remain upon Parole supervision until my Maximum sentence date, with reductions in time, in accordance with the New 30/30 Laws. Of course this was a misapplication of the law and a malicious and willful deceit done under the color of state Law to violate my 14th and 6th.

U.S.C.A Rights. This illegal state has continued for 16 months or more. As I still have not been issued an official letter of sentence termination.

*Id.* [2] Plaintiff's claims are brought against Defendant Mullin in his official capacity and Defendant Delaney in her individual capacity. *Id.* at 2.

[1]    Citations to Plaintiff's submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system. Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

[2]    The Court notes the lower portion of one line of text contained in Plaintiff's complaint appears to be cut off, *see* Dkt. No. 1 at 4, however, it is unclear whether any additional text may be missing. Plaintiff also references an "annexed exhibit", however, no such exhibit appears to have been submitted.

The Court takes judicial notice of the New York State Department of Corrections and Community Supervision ("DOCCS") public administrative records which indicate Plaintiff was sentenced to an aggregate maximum sentence of ten years following his convictions of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. [3] Plaintiff's maximum expiration date is listed as May 1, 2023. [4]

[3]    *See* https://nysdoccslookup.doccs.ny.gov/ (site last visited on Apr. 18, 2024); *see also, e.g., Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 453 (E.D.N.Y. 2018) ("The Court may take judicial notice of Plaintiff's DOCCS inmate lookup information ...."); *DePaul v. Helmer*, No. 6:10-CV-00813 (LEK), 2012 WL 967059, at *1 (N.D.N.Y. Mar. 21, 2012) (taking judicial notice of the plaintiff's conviction based on information obtained via the DOCCS Inmate Lookup search page).

[4]    The aforementioned DOCCS website further provides "[i]f an inmate has a maximum expiration date, maximum expiration date for parole supervision and/or a post release supervision maximum expiration date, the latest date is controlling." *See also* N.Y. Penal Law § 70.45(a)-(b); *Livingston v. Annucci*, No. 9:18-CV-0803 (JKS), 2021 WL 1091464, at *3 n.5 (N.D.N.Y. Mar. 22, 2021) ("A prisoner conditionally released on parole supervision remains in the legal custody of the DOCCS until the expiration of his full maximum expiration date.") (citing N.Y. Department of Corrections and Community Supervision Website, Offender Information Data Definitions, http://www.doccs.ny.gov/calendardatadefinitions.html).

**\*2**  Plaintiff avers "I suffer from Mental anguish daily thinking that I could be illegally re-arrested any day. This state of perpetual mental anguish has caused physical problems with my health." *Id.* at 5. He requests two million dollars in compensatory and punitive damages and asks the Court to "Have NYSDOCCS issue an official letter of sentence termination ...." *Id.*

## IV. STANDARD OF REVIEW

Section 1915 of Title 28 requires a district court to dismiss an IFP complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they *suggest.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citation omitted, emphasis in original). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989),

*abrogated on other grounds* Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless ... or (2) the claim is based on an indisputably meritless legal theory.").

To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id.* It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Moreover, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## V. ANALYSIS

**\*3** Plaintiff's complaint asserts Sixth and Fourteenth Amendment due process clause claims against Defendant Mullin, in his official capacity, and against Defendant Delaney, in her individual capacity. *See* Dkt. No. 1 at 3 (identifying "14th U.S.C.A. and 6th U.S.C.A." as the rights violated). [5] For the reasons stated below, the Court recommends Plaintiff's complaint be dismissed with leave to amend.

[5] *See also* Dkt. No. 1 at 4 ("Each Defendant contributed to extend my Post Release Supervision beyond the Court ordered legally prescribed time.[ ]M. Delaney as Parole Officer and M. Mullin as co-conspirator Senior Parole officer.").

### A. Eleventh Amendment Sovereign Immunity

Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "New York State has not consented to suit in federal court." *Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing *Trotman v. Palisades Interstate Park Commission*, 557 F.2d 35, 38-40 (2d Cir. 1977)), *aff'd*, 311 F. App'x 474 (2d Cir. 2009). "Further, 42 U.S.C. § 1983 does not abrogate the immunity of the states, including New York." *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).

"DOCCS, of which the Division of Parole is now a part, is a New York State agency that has immunity under the Eleventh Amendment." *Ennis v. New York Dep't of Parole*, No. 5:18-CV-0501 (GTS/TWD), 2018 WL 3869151, at *4 (N.D.N.Y. June 12, 2018) (citing *Rother v. Dep't of Corr. and Community Supervision*, 970 F. Supp. 2d 78, 89-90 (N.D.N.Y. 2013); *Heba v. New York State Div. of Parole*, 537 F. Supp. 2d 457, 471 (E.D.N.Y. 2007)), *report and recommendation adopted*, 2018 WL 3862683

(N.D.N.Y. Aug. 14, 2018). "When a defendant is sued in his official capacity, we treat the suit as one against the 'entity of which an officer is an agent.' " *D'Alessandro v. City of New York*, 713 F. App'x 1, 8 (2d Cir. 2017) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)) (additional citations omitted). As a result, "claims for money damages against state officials, including DOCCS officials and parole officers, sued in their official capacities, are ... barred under the Eleventh Amendment." *Ennis*, 2018 WL 3869151, at *4 (citing *Graham*, 473 U.S. at 167-68) (additional citations omitted).

Plaintiff's claims concerning Defendant Mullin are brought against him in his official capacity as a senior parole officer, therefore, they are barred by the Eleventh Amendment. Accordingly, the Court recommends Plaintiff's claims against Defendant Mullin in his official capacity be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with prejudice. *See, e.g., Partee v. City of Syracuse*, No. 5:19-CV-0417 (TJM/DEP), 2019 WL 2617901, at *8 (N.D.N.Y. May 23, 2019) (recommending dismissal of plaintiff's claims against parole officers "[a]s plaintiff has named the defendant-officers of the Division of Parole in their official capacities and seeks monetary damages, those claims are barred by the Eleventh Amendment.") (citing *Ennis*, 2018 WL 3869151, at *4), *report and recommendation adopted*, 2019 WL 2616954 (N.D.N.Y. June 26, 2019).

### B. Failure to State a Claim

**\*4** Next, Plaintiff has failed to allege facts plausibly suggesting a deprivation of his constitutional rights. Therefore, the Court recommends Plaintiff's remaining claims also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

While Plaintiff states he told Delaney his "sentence was ofically terminated" sometime prior to August 19, 2022, Dkt. No. 1 at 4, and summarily alleges the Defendants "contributed to extend my Post Release Supervision beyond the Court ordered legally prescribed time," Dkt. No. 1 at 3, Plaintiff has not pleaded facts indicating when or how any court or other authority either terminated or otherwise modified the length of his sentence. Absent such information it is difficult to analyze Plaintiff's claims. In other words, Plaintiff's conclusory assertion that his Sixth and Fourteenth Amendment constitutional rights were violated has merely "alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citing Fed. Rule Civ. Proc. 8(a)(2)) (internal quotations omitted).

Plaintiff's sole factual allegations against Defendant Delaney are that she (1) requested to enter Plaintiff's apartment on August 19, 2022, (2) disagreed with Plaintiff's statement that his sentence had been terminated, and (3) identified allegedly incorrect dates on a DOCCS computer. *See id.* at 4. Similarly, Plaintiff merely alleges Defendant Mullin told him he remained under parole supervision on some occasion prior to his maximum sentence date. *See id.* These bare facts do not give rise to a constitutional claim. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (explaining, to establish liability under § 1983, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (citing *Iqbal*, 556 U.S. at 676) (internal quotations omitted).

Accordingly, the Court recommends the complaint be dismissed for failure to state a claim upon which relief may be granted. *See Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) ("A complaint may be dismissed under Rule 8 if it 'is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' ") (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see also, e.g., Mitchell v. Annucci*, No. 1:22-CV-0613 (DNH/DJS), 2022 WL 7271377, at *3 (N.D.N.Y. Aug. 29, 2022) (recommending dismissal of the plaintiff's § 1983 claim that officials conspired to deny his Fourteenth Amendment right to due process as wholly conclusory), *report and recommendation adopted*, 2022 WL 4354360 (N.D.N.Y. Sept. 20, 2022); *Scheidel v. Kosse*, No. 5:09-CV-1277, 2010 WL 3881496, at *3 (N.D.N.Y. Sept. 28, 2010) (dismissing for failure to state a claim plaintiff's complaint which merely alleged wrongdoing in conclusory fashion).

### C. Leave to Amend

In deference to Plaintiff's *pro se* status and out of an abundance of caution, the Court recommends Plaintiff be afforded the opportunity to file an amended complaint to cure the deficiencies identified above. *See Gomez*, 171 F.3d at 796. The Court advises Plaintiff that should he be permitted to amend his complaint, any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any amended complaint submitted by Plaintiff must also demonstrate that a case or

controversy exists between the Plaintiff and the Defendants which Plaintiff has a legal right to pursue. Plaintiff is cautioned that no portion of his prior complaint shall be incorporated into his amended complaint by reference. Of course, Plaintiff may also pursue his claims in state court if appropriate.

## VI. CONCLUSION

**\*5  ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED,** [6] and it is

[6]  Although Plaintiff's application to proceed IFP has been granted, Plaintiff will still be required to pay fees that he may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

**RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH LEAVE TO AMEND**; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report-Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. [7] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

[7]  If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2024 WL 2022054

---

**End of Document**                                                © 2025 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 4262573
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Anthony PETERKIN, Plaintiff,

v.

M. MULLIN, Sr. Parole Officer, in his official capacity; and M. Delaney,
NYSDOCCS, Parole Officer, in his individual capacity, Defendants.

5:24-CV-0377 (GTS/TWD)
|
Signed September 23, 2024

**Attorneys and Law Firms**

ANTHONY PETERKIN, Plaintiff, Pro Se, 29613 Route 12, Apt. 7, Watertown, New York 13601.

### DECISION and ORDER

GLENN T. SUDDABY, United States District Judge

**\*1** Currently before the Court, in this *pro se* civil rights action filed by Anthony Peterkin ("Plaintiff") against the two above-named parole officers ("Defendants"), is United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed with leave to amend for failure to state a claim, and Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 4, 5.)

Even when construed with the utmost of special leniency, Plaintiff's Objection does not identify with particularity (1) any portion of the Report-Recommendation to which he has an objection and (2) the basis for that objection. (*See generally* Dkt. No. 5.)[1] As a result, Magistrate Judge Dancks' Report-Recommendation is subject to only a review for clear error.[2]

---

[1]  When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]  When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at \*2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

**WESTLAW**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

After carefully reviewing the relevant papers herein, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only two brief points.

First, Magistrate Judge Dancks' thorough and correct Report-Recommendation would survive even a de novo review.

**\*2**  Second, rather than wait for the undersigned's ruling on Magistrate Judge Dancks' Report-Recommendation, Plaintiff has attempted to file, along with his Objection, a document that he labels as his "Amended Complaint." (Dkt. No. 5.) This act has complicated matters because, even assuming Plaintiff had an absolute right to file such an Amended Complaint under Fed. R. Civ. P. 15(a)(1) despite that he had not yet served his Complaint, [3] an amended complaint supersedes an original complaint in all respects. [4]  This means that, arguably, Plaintiff's "Amended Complaint" has partially mooted Magistrate Judge Dancks' Report-Recommendation, which analyzed Plaintiff's *original* Complaint.

[3]    Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course ***within*** ... 21 days after serving it ...." Fed. R. Civ. P. 15(a)(1)(A) (emphasis added). Here, Plaintiff never served his Complaint; thus, he is arguably not yet ***within*** the 21-day window in which he may filed an Amended Complaint as a matter of course. *Compare Morris v. New York State Gaming Comm'n*, 18-CV-0384, 2019 WL 2423716, at \*4 (W.D.N.Y. March 14, 2019) ("Because Plaintiff never served the original Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never ***commenced***.") (emphasis added) *with Henderson v. Wells Fargo Bank, NA*, 13-CV-0378, 2015 WL 630438, at \*2 (D. Conn. Feb. 13, 2015) ("Fed. R. Civ. P. 15(a) provides that a 'party may amend its pleading once as a matter of course within ... 21 days after serving it.' Because Plaintiff has not yet served Defendant with the complaint, her motion is granted although unnecessary because leave of the Court is not required.").

[4]    *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); *cf.* N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading ... will supersede the pleading sought to be amended in all respects.").

Out of a desire for judicial efficiency, the Court is tempted to apply the recommendations in the Report-Recommendation to Plaintiff's "Amended Complaint." However, Plaintiff's "Amended Complaint" is fatally defective in three respects: (1) it is improperly co-mingled with his Objection; (2) while it contains a statement of factual allegations, it does not contain the other elements of a pleading (e.g., statement of the parties, a statement of the basis of jurisdiction, a statement of the claims, and a statement of the relief requested), as does his original Complaint, which was filled out on a court form (*compare* Dkt. No. 5 *with* Dkt. No. 1); and (3) it appears to rely on an incorporation of his original Complaint, in violation of Local Rule 15.1(a) of the Local Rules of Practice for this Court. More importantly, the Court is mindful that it would hardly be an extension of special solicitude to Plaintiff to consider such a flawed document as his exercise of his absolute right to amend his Complaint once, when he has not yet had the benefit of the undersigned's ruling on Magistrate Judge Dancks' the Report-Recommendation. [5] For all of these reasons, the Court will consider Dkt. No. 5 not as Plaintiff's Amended Complaint but only as his proposed Amended Complaint (which the Court finds to be insufficient for the reasons stated above).

[5]    *Cf. Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend.").

**\*3  ACCORDINGLY**, it is

Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 19 of 39

2024 WL 4262573

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) **shall be *sua sponte* DISMISSED with prejudice** and without further Order of this Court **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** correcting the pleading defects identified in the Report-Recommendation; and it is further

**ORDERED** that any Amended Complaint filed by Plaintiff must be a complete pleading that replaces in its entirety, and does not incorporate by reference any portion of, his original Complaint; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint within the thirty (30) day time period, the Amended Complaint be returned to Magistrate Judge Dancks for further review pursuant to 28 U.S.C. § 1915.

**All Citations**

Slip Copy, 2024 WL 4262573

---

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

---

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Dawkins v. State, Not Reported in F.Supp. (1996)

Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 20 of 39

1996 WL 156764

1996 WL 156764
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Emon DAWKINS, Plaintiff,

v.

The STATE OF NEW YORK, Trooper Antone R. Irwin of the New York
State Police and The New York State Police Department, Defendants.

No. 93-CV-1298 (RSP/GJD).
|
March 28, 1996.

**Attorneys and Law Firms**

Emon Dawkins, Liverpool, New York, Plaintiff, Pro Se.

Dennis C. Vacco, Attorney General of the State of New York, Syracuse, New York, for Defendants; G. Robert McAllister, Assistant Attorney General, of counsel.

*MEMORANDUM, DECISION AND ORDER*

POOLER, District Judge.

## INTRODUCTION

**\*1** On June 13, 1992, defendant New York State police officer Antone R. Irwin ("Trooper Irwin") stopped and ticketed plaintiff Emon Dawkins for speeding on the New York State Thruway. Dawkins pled not guilty and elected trial in the Town Court of Dewitt, New York. When Dawkins appeared for trial, he received an additional ticket [1] for driving an unregistered vehicle. The Town Court found Dawkins not guilty of both charges. Dawkins then filed this lawsuit claiming that Trooper Irwin (1) stopped him without probable cause and on racial grounds, and (2) issued the unregistered vehicle citation in retaliation for electing trial on the speeding charge. Dawkins alleges that his Fourth, Sixth, Eighth, and Fourteenth Amendment rights have been violated and seeks redress under 42 U.S.C. §§ 1983 and 1985. Defendants all move for summary judgment pursuant to Fed. R. Civ. P. 56, arguing that Dawkins' claims are barred by the Eleventh Amendment to the United States Constitution.

Because I find that the Eleventh Amendment provides immunity for some defendants on some claims, I grant in part and deny in part, defendants' motion for summary judgment.

## DISCUSSION

I. Summary Judgment Standard

Summary judgment is granted when viewing the evidence in a light most favorable to the nonmovant, the court determines that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451, 456 (1992). A party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the movant satisfies this initial burden, then the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required

**Dawkins v. State, Not Reported in F.Supp. (1996)**

Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 21 of 39

1996 WL 156764

because a disputed issue of fact exists. *Weg v. Macchiarola,* 995 F.2d 15, 18 (2d Cir. 1993). The nonmovant must do more than present evidence that is merely colorable, conclusory, or speculative and must present "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). In short, the nonmovant must demonstrate to the court that issues of fact exist that must be decided by a factfinder, because "they may reasonably be decided in favor of either party." *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2nd Cir. 1990).


## II. Pro Se Plaintiff

Because Dawkins is a *pro se* plaintiff, his complaint must be construed liberally and should be dismissed only "if it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (quotations omitted).


## III. Defendants New York State and the New York State Police Department

It is well settled that "[a]bsent a waiver on the part of the state, or a valid congressional override, the eleventh amendment prohibits federal courts from entertaining suits by private parties against the states." *Farid v. Smith,* 850 F.2d 917, 920-21 (2d Cir. 1988) (citing *Kentucky v. Graham,* 473 U.S. 159 (1985)). When Congress enacted Sections 1983 and 1985, it did not abrogate the state's Eleventh Amendment immunity. *United States v. City of Yonkers,* 880 F. Supp 212, 231 (S.D.N.Y. 1995) (citing *Quern v. Jordan,* 440 U.S. 332 (1979). Because New York State has Eleventh Amendment immunity from suit, Dawkins' claims against defendant New York State are dismissed.

 **\*2** It is equally well established that the "Eleventh Amendment's containment of federal judicial power is not restricted to actions where the state is a named defendant, but extends further to those actions where liability, if imposed, must be paid from the state fisc." *New York City Health & Hosp. Corp. v. Perales,* 50 F.3d 129, 134 (2d Cir. 1995). For Eleventh Amendment purposes, governmental entities of a state that are considered "arms of the state" receive Eleventh Amendment immunity. *Will v. Michigan Dep't of Police,* 491 U.S. 58, 70 (1989). Because defendant New York State Police Department is a division of the executive department of New York State, Dawkins claims against the department are dismissed. *See* N.Y.Exec.Law § 210 (McKinney 1993); *Komlosi v. New York State OMRDD,* 64 F.3d 810 (2d Cir. 1995) (holding that OMRDD is an arm of the state and thus cannot be sued under §1983); *see also Oliver Schools, Inc. v. Foley,* 930 F.2d 248, 252 (2d Cir. 1991).

Moreover, New York State and the New York State Police Department are not "person[s]" within the meaning of Sections 1983 and 1985. *See Howlett v. Rose,* 496 U.S. 356, 365 (1990); *see also, Thompson v. State of New York,* 487 F. Supp. 212, 228 (N.D.N.Y. 1979, Munson, J.) (holding that the State of New York and the New York State Police Department are not "persons" for purposes of the threshold requirement of a cause of action under § 1985).

Because defendants New York State and the New York State Police Department (1) have not consented either expressly or impliedly to permit this suit to proceed in federal court and (2) are not "persons" within the meaning of the relevant statutes, I dismiss the claims against these two defendants. [2]


## IV. Defendant Antone R. Irwin

 *A. Section 1985*

Section 1985(3) makes it illegal "[i]f two or more persons ... conspire ... for the purposes of depriving .. any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). Trooper Irwin is the only person named or mentioned in Dawkins' complaint. Because Dawkins fails to offer any support for his claim that two or more persons conspired to deny him his rights, I must dismiss his Section 1985 claim against Trooper Irwin.

 *B. Section 1983*

1996 WL 156764

A Section 1983 claim requires that Dawkins prove that (1) Trooper Irwin deprived him of a federal right and (2) Trooper Irwin acted under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980).

In his motion for summary judgment, Trooper Irwin spends great energy arguing that a cause of action alleging only that, "harm from official capacity acts is barred by the Eleventh Amendment." McAllister Aff., at ¶ 5. Trooper Irwin is only partially correct.

A suit against Trooper Irwin in his official capacity, is a suit against the state and he is "entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York,* 996 F.2d 522, 529 (2d Cir. 1993). Therefore, Dawkins' Section 1983 claim made against Trooper Irwin in his official capacity is dismissed.

 **\*3** However, a claim against Trooper Irwin in his individual capacity, even when performing official acts, is not afforded Eleventh Amendment protection. *Id.* [3] Although Dawkins' complaint is silent concerning the capacity in which he sues Trooper Irwin, his failure to specify the capacity does not justify an outright dismissal of his claim. *Oliver Schools,* 930 F.2d at 252; *see also Kentucky,* 473 U.S. at 167 n. 14, (1985) (indicating that "in many cases the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both" and "[t]he course of proceedings ... will indicate the nature of the liability sought to be imposed." (citations and internal quotations omitted)). [4]

During oral argument Dawkins stated that his claims against Trooper Irwin are in both his individual and official capacity. Therefore, I accept that Dawkins intends to proceed against Trooper Irwin in his individual capacity and find that the Eleventh Amendment does not protect Trooper Irwin from Dawkins' individual capacity claims. *Farid,* 850 F.2d at 921 (2d Cir. 1988) (holding that "[t]he eleventh amendment bars recovery against an employee who is sued in his official capacity, but does not protect him from personal liability if he is sued in his 'individual' or 'personal' capacity."(quoting *Kentucky,* 473 U.S. at 166-67)).

Defendants' reliance on *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89 (1984), is misplaced. *Pennhurst* stands for the proposition that the Eleventh Amendment prohibits federal courts from ordering state officials to conform their conduct to state law. *Id.* at 121 (holding that "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.").

*Pennhurst* bars state claims against state officials in their official capacities. Dawkins claims that his federal constitutional rights were violated by a state employee acting under color of state law in his individual capacity. *Pennhurst* is not applicable. *See Farid,* 850 F.2d at 921 (holding that "the [Supreme Court] has consistently held that the eleventh amendment does not protect state officials from personal liability when their actions violate federal law, even though state law purports to require such actions.").
Dawkins' Section 1983 claim against Trooper Irwin in his individual capacity is not barred by the Eleventh Amendment.

  *2. Qualified Immunity*
Trooper Irwin also argues that "without a showing of a violation of a clearly established right and affirmative proof of some *ultra vires* conduct ... an individual capacity action cannot be maintained." Def.'s Mem. at 6. Although Irwin makes this statement in support of his Eleventh Amendment argument, it could also be read as a claim of qualified immunity. The doctrine of qualified immunity protects public employees in their individual capacities. *Hafer,* 502 U.S. at 31. Qualified immunity "shields government officials from liability for damages on account of their performance of discretionary official functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rodriguez v. Phillips,* 66 F.3d 470, 475 (2d Cir 1995) (citations and internal quotations omitted). The standard governing the use of a qualified immunity defense "has evolved into one of objective reasonableness, designed to 'permit the resolution of many insubstantial claims on summary judgment.'" *Robison v. Via,* 821 F.2d 913, 920 (2d Cir. 1987) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

**Dawkins v. State, Not Reported in F.Supp. (1996)**
Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 23 of 39
1996 WL 156764

**\*4** However, qualified immunity is an affirmative defense which the individual defendant must plead. The Supreme Court has held that there is "no basis for imposing on the plaintiff an obligation to anticipate such a defense by stating in his complaint that the defendant acted in bad faith." *Gomez,* 446 U.S. at 640. Rather, "[i]t is for the official to claim that his conduct was justified by an objectively reasonable belief that it was lawful." *Id.*

Even if I read Trooper Irwin's answer liberally to include a qualified immunity defense, he fails in this motion to establish that "it was objectively reasonable for [him] to believe that his acts did not violate [Dawkins] rights." *Robison,* 821 F.2d at 921 (2d Cir. 1987). [5]

According to Dawkins he was (1) stopped by officer Irwin while driving at a legal rate of speed, (2) asked to produce his drivers license, vehicle registration, thruway toll card and proof of insurance, (3) ticketed for speeding, and (4) advised, but not ticketed, for an expired vehicle registration. Trooper Irwin had possession of the documents for a total of five minutes. After leaving the scene, Dawkins noticed that the speeding ticket misstated the correct time of day and listed his rate of speed at sixty-eight miles per hour as opposed to Trooper Irwin's oral representation that Dawkins was traveling at fifty-eight miles per hour. At trial, Trooper Irwin issued Dawkins a ticket for driving an unregistered vehicle. Found innocent on both charges, Dawkins alleges that Trooper Irwin (1) illegally stopped and detained him based on race and without probable cause, and (2) ticketed him for the unregistered vehicle in retaliation for electing trial. Compl. at II(c).

In his answer and in his memorandum of law in support of his motion for summary judgment, Trooper Irwin fails to provide any evidence concerning his underlying basis for stopping Dawkins. Nor does he offer any justification for ticketing Dawkins for an unregistered vehicle three months after the initial stop. The record before me does not contain an affidavit or affirmation from Trooper Irwin giving his version of the incident. Moreover, lacking any evidence to the contrary, I accept as true, Dawkins' statement that he was driving at a legal rate of speed, received a second ticket in retaliation for electing trial, and was found innocent of both offenses. [6]

Defendant has done nothing to refute Dawkins' claims. Because Trooper Irwin fails to offer any support concerning the objective reasonableness of stopping Dawkins, ticketing him, and then ticketing him again three months after the initial stop, I deny his motion for summary judgment. [7]

CONCLUSION

For the foregoing reasons I (1) GRANT defendants motion for summary judgment on behalf of defendants State of New York State and the New York State Police Department, (2) GRANT defendant Antone R. Irwin's motion for summary judgement with respect to claims as they relate to acts in his official capacity, (3) GRANT defendant Antone R. Irwin's motion for summary judgment with respect to the Section 1985 claim, and (4) DENY defendant Irwin's motion for summary judgement with respect to claims against him in his personal capacity under Section 1983.

**\*5** IT IS SO ORDERED

1   Defendants contend that Trooper Irwin gave Dawkins the additional ticket at the time of the initial stop. Defs.' Answer at ¶ 2.

2   In his responsive papers, Dawkins requests "declaratory or injunctive relief based on the State of New York policies and statutes of New York Civil Rights Law § 50-a, and Public Office (sic) Law § 89(2)(b) and the use thereof." Pl.'s Mem. at 2. However, attempts to secure prospective relief requiring state officials to comply with state law, as opposed to federal law, is barred by the Eleventh Amendment. *Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89,

**Dawkins v. State, Not Reported in F.Supp. (1996)**

Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 24 of 39

1996 WL 156764

103-106 (1984) Therefore, Dawkins' new claim for prospective relief cannot be sustained and is barred by the Eleventh Amendment.

3    "*Will* itself makes clear that the distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device. State officers sued for damages in their official capacity are not persons for purposes of the suit because they assume the identity of the government that employs them. By contrast, officers sued in their personal capacity come to court as individuals... the Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983." *Hafer v. Melo,* 502 U.S. 21, 27, 31 (1991) (citations and internal quotations omitted).

4    Notwithstanding Dawkins' failure to make clear his intention to state a claim against Trooper Irwin individually, Defendants' memorandum of law acknowledges a cause of action against Trooper Irwin in his individual capacity. Def.'s Mem. at 4.

5    For the purposes of discussing qualified immunity I will read defendants' answer liberally. However, it is not clear from defendants' answer that they have preserved the right to raise a qualified immunity defense. If leave to amend the answer is requested, it might well be granted. *See, Satchell v. Dilworth,* 745 F.2d 781, 784 (2d Cir. 1984).

6    In his complaint, Dawkins alleges violations to his Fourth, Sixth, Eighth, and Fourteenth Amendment Rights. Because defendants focus their motion for summary judgment on their affirmative defenses, I do not *sua sponte* consider the merits of Dawkins' claims. However, I note that, "an ordinary traffic stop constitutes a limited seizure within the meaning of the Fourth and Fourteenth Amendments." *U.S. v. Scopo,* 19 F.3d 777, 781 (2d Cir. 1994) (quoting *U.S. v. Hassan El,* 5 F.3d 726, 729 (4th Cir.1993). Accordingly, Trooper Irwin's stop of Dawkins, "must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct." Id. (citations omitted). Probable cause exist when the police reasonably believe that "an offense has been or is being committed." Id. (citing *United States v. Cruz,* 834 F.2d 47, 50 (2d Cir.1987), *cert. denied,* 484 U.S. 1077 (1988). "When an officer observes a traffic offense--however minor--he has probable cause to stop the driver of the vehicle." Id. at 782 (quoting *United States v. Cummins,* 920 F.2d 498, 500 (8th Cir.1990)).

7    In order to prevail on a qualified immunity defense, the defendant must show either (1) "it was not clear at the time of the official acts that the interest asserted by the plaintiff was protected by a federal statute or the Constitution"; (2) "it was not clear at the time of the acts at issue that an exception did not permit those acts"; or (3) "it was objectively reasonable for [Trooper Irwin] to believe that his acts did not violate [Dawkins'] rights. *Robison,* 821 F.2d at 920-21.

**All Citations**

Not Reported in F.Supp., 1996 WL 156764

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 3298967
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Donald R. FENNELLY, Plaintiff,

v.

CITY OF TROY; New York State; and County of Rensselaer, Defendants.

1:24-cv-0172 (MAD/TWD)
|
Signed May 10, 2024

**Attorneys and Law Firms**

DONALD R. FENNELLY, Plaintiff, pro se, 579 4th St., Troy, NY 12180.

### REPORT-RECOMMENDATION AND ORDER

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## I. INTRODUCTION

  **\*1**  The Clerk has sent to the Court for review a complaint submitted by Donald R. Fennelly ("Plaintiff"), together with an application to proceed *in forma pauperis* ("IFP"), a motion for counsel, and a motion to obtain an ECF login and password. Dkt. Nos. 1, 2, 4, 5.

## II. IFP APPLICATION

Plaintiff has not paid the filing fee for this action and seeks leave to proceed IFP. Dkt. No. 2. Upon review, Plaintiff's IFP application demonstrates economic need. Therefore, he is granted permission to proceed IFP.

## III. SUFFICIENCY OF COMPLAINT

### A. Standard of Review

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court must also dismiss a complaint, or portion thereof, when the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citation omitted). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *see also Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless ... or (2) the claim is based on an indisputably meritless legal theory.").

**Fennelly v. City of Troy, Slip Copy (2024)**
Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 26 of 39
2024 WL 3298967

 **\*2**  To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id.* at 678. It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 8(a)(2). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

 **B. Summary of Complaint** [1]

[1]    Citations to Plaintiff's complaint will be to the pagination generated by CM/ECF, the Court's electronic filing system. Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

Plaintiff brings this action against the City of Troy, New York State, and County of Rensselaer. Dkt. No. 1 at 1-2. [2]  In the civil cover sheet, he describes the cause of action as "New York States Corrupt Family Court system and Federal Funding" pursuant to "1st, 2nd and the entire constitution" and demands "$10,000,000." Dkt. No. 1-1.

[2]    Rule 10(a) of the Federal Rules of Civil Procedure provides that, "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). A party not named in the caption of the complaint is not a party to the action. *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at \*2 (W.D.N.Y. Aug. 1, 2014) (holding that the failure to name the individual defendants against whom the plaintiff intends to assert claims makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims").

The complaint is written on a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983 and alleges:

>       Disobeying oaths of office, ethical codes and any/all constitutional RIGHTS. Specific regards to the 1st,
>       2nd, 5th and 14th amendments. Gross American with Disabilities Act violations

*Id.* at 5. He also was discriminated against based on his race or color, religion, sex, national origin, and age. *Id.* In the prayer for relief, Plaintiff requests:

**\*3**  The full weight of the law and/or all governing bodies and licensing requirements and funding withheld. Therefore any/all punitive relief the court and/or jury appears just and proper. A stay on any and/all legal events and the return to constitutional harmony.

*Id.* at 8.

The last two pages of the complaint, although difficult to read, appears be a letter/complaint addressed to the "NYS Judicial Conduct Board" stemming from Plaintiff's "case before Jill Kehn" in Rensselaer County Family Count, "docket # O-03089-19, File # 38239." *Id.* at 9-10. From what the Court can glean, on February 21, 2020, Plaintiff "attempted" to proceed *pro se* before Judge Kehn in Rensselaer County Family Court. *Id.* at 9. However, Plaintiff was "assigned" an attorney and "it was obvious this court was having numerous ex parte communications" with "the Domestic Violence Unit" of Rensselaer County and the defendant's attorney. *Id.*

Plaintiff was "threaten numerous times and it was clear that this judge was extremely ignorant to individual rights and behavior fitting of a judge." *Id.* For example, she "denied" Plaintiff's "verbal motions for a change of venue to the county of original jurisdiction, Herkimer County." *Id.* She "accused" Plaintiff of "interrupting her." *Id.*

"Shortly after," Plaintiff proceeded with divorce proceedings and attempted to have [his] wife served." *Id.* He became extremely ill and required surgery. *Id.* Plaintiff further states:

I am a 50 year abused child by the very, family court. I find that this system in Rennselear County to represent Incompetence, Corruption and abusive in nature. I thought it was secured previously that this court could never again hear a case involving me. Due to the fact, I was found Innocent over 14 times and have reported their abuse on me, numerous times. Both in judicial complaints and legal petitions. As an abused family court child, a domestically terrorized war vet, a family court father and now a family court husband. Let's look at this very fact:

1) 1st you took my father

2) You took my name: AKA Donald Robert Hoak Jr. or Donald Robert Coates

3) You replaced my father, with a known pedophile

4) You took my son

5) You took my job and career

6) Supplied me with a criminal record, where non was to be found before

7) You have exhausted both my inheritance and a retirement

8) You then take my wife

9) Once again ignore my handicap and PTSD, you personally are responsible for

10) Insult me, by assigning an attorney accused of crimes against women, facing an embezzling attorney and a JUDGE WHO PRATICED LAW WITHOTU A LICENSE! Who is also, related to the city court criminal judge. You don't think there is any impropriety here in Rennselear County Family Court? And they have the audacity to call my 1st amendment rights disturbing!

*Id.* at 10. Plaintiff claims "a full investigation into their activities needs to be performed. I know for a fact, that several **Veterans both war and disabled**. **Have committed suicide due to fraudulent behavior.**" *Id.* Plaintiff has "testified before the matrimonial commission on abuse of children and families at the hands of unprofessional, incompetent and corrupt Family court judges." *Id.* at 9.

## IV. ANALYSIS

Liberally construed, Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (citation omitted). "Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To establish liability under the statute, a plaintiff must plead that each government official defendant violated the Constitution through that official's own individual actions. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

**\*4** Having carefully reviewed Plaintiff's complaint and for the reasons discussed below, the Court recommends dismissing the complaint with leave to amend.

### A. Eleventh Amendment Immunity

Plaintiff names New York State as a defendant. Dkt. No. 1 at 2. Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

"New York State has not consented to suit in federal court." *Abrahams v. App. Div. of Sup. Ct.*, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977)), *aff'd*, 311 F. App'x 474 (2d Cir. 2009). "Further, 42 U.S.C. § 1983 does not abrogate the immunity of the states, including New York." *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).

The Eleventh Amendment, therefore, precludes Plaintiff's claims under Section 1983 against the State of New York. Accordingly, the Court recommends Plaintiff's claims against the State of New York be dismissed with prejudice as barred under the Eleventh Amendment and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.' " (quoting *Neitzke*, 490 U.S. at 327)).

### B. Municipal Liability

Plaintiff sues the City of Troy and County of Rensselaer. Dkt. No. 1 at 1-2. To set forth a cognizable claim for municipal liability under Section 1983, a plaintiff must plead and prove that a deprivation of his constitutional rights "was caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978)). An "official policy or custom" of the municipality can be shown in several ways:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a "custom or usage" sufficient to impute

> constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train
> or supervise subordinates to such an extent that it amounts to "deliberate indifference" to the rights of
> those who come in contact with the municipal employees.

*Dorsett-Felicelli, Inc. v. Cnty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citations omitted). "[M]ere allegations of a municipal custom, a practice of tolerating official misconduct, or inadequate training and/or supervision are insufficient to demonstrate the existence of such a custom unless supported by factual details." *Tieman v. City of Newburgh*, No. 13-CV-4178, 2015 WL 1379652, at *13 (S.D.N.Y. Mar. 26, 2015). Thus, " 'boilerplate statements that county employees were acting in accord with a municipal policy, with no facts to support those statements, are not sufficient to support a *Monell* claim.' " *Thomas v. Town of Lloyd*, ––– F. Supp. 3d ––––, No. 1:21-CV-1358, 2024 WL 118939, at *10 (N.D.N.Y. Jan. 11, 2024) (quoting *Forrest v. Cnty. of Greene*, 676 F. Supp. 3d 69, 76 (N.D.N.Y. 2023), *reconsideration denied*, 2023 WL 5097970 (N.D.N.Y. Aug. 9, 2023)); *see Oklahoma City v. Tuttle*, 471 U.S. 808, 809 (1985) ("There must at the very least be an affirmative link between the municipality's policy and the particular constitutional violation alleged.").

**\*5** The complaint fails to comply with Rules 8(a) and 10(b). *See generally*, Dkt. No. 1. The complaint does not present a short and plain statement of the claim showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Plaintiff does not present his claims in numbered paragraphs, limited to one "circumstance" per paragraph. Fed. R. Civ. P. 10(b). Rather, the "facts" are set forth in a single paragraph which does not provide any context for Defendants' alleged misconduct. Dkt. No. 1 at 5. Plaintiff's single paragraph is woefully deficient and "presents far too a heavy burden in terms of Defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996); *see Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) ("A complaint may be dismissed under Rule 8 if it 'is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' ") (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see also Laspisa v. Citifinancial Does 1 to 20*, 269 F. Supp. 3d 11, 13 (N.D.N.Y. 2017) ("A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court."), *report-recommendation adopted*, 2017 WL 3769570 (N.D.N.Y. Aug. 29, 2017).

Plaintiff alleges no facts suggesting that a policy, custom, or practice of the City of Troy or County of Rensselaer caused a violation of his constitutional rights. In fact, there are no allegations of wrongdoing asserted against either Defendant in the body of the complaint. Because Plaintiff has failed to enumerate allegations against either Defendant, he has failed to state a claim upon which relief may be granted. *See generally, Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (Although the Court is "obligated to draw the most favorable inferences that [the Plaintiff's] complaint supports, we cannot invent factual allegations that he has not pled."); *Joseph v. Annucci*, No. 7:18-CV-7197, 2020 WL 409744, at *4 (S.D.N.Y. Jan. 23, 2020) (dismissing claims against defendants that were "named in the caption only" where "[t]he body of the Complaint does not contain any factual allegations naming them, or indicating that they violated the law or injured Plaintiff in some manner"); *see, e.g., Boyde v. New York*, No. 5:16-CV-555 (LEK/TWD), 2016 WL 3573133, at 4 (N.D.N.Y. May 19, 2016) (dismissing on § 1915 review the plaintiff's complaint against Onondaga County and the City of Syracuse because the plaintiff "failed to identify or allege any facts showing the existence of a municipal policy or custom" which caused the alleged constitutional violations), *report-recommendation adopted*, 2016 WL 3580768 (N.D.N.Y. June 28, 2016); *see also Cipriani v. Buffardi*, No. 06-CV-0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted).

Accordingly, the Court recommends dismissing the complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Leave to Amend

Fennelly v. City of Troy, Slip Copy (2024)
Case 6:24-cv-01357-GTS-TWD   Document 8   Filed 02/19/25   Page 30 of 39
2024 WL 3298967

The Court recommends Plaintiff be afforded the opportunity to file an amended complaint to cure the deficiencies identified above. *See Gomez*, 171 F.3d at 796. The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any amended complaint submitted by Plaintiff must also demonstrate that a case or controversy exists between the Plaintiff and the Defendants which Plaintiff has a legal right to pursue, and over which this Court has jurisdiction. Plaintiff is cautioned that no portion of his prior complaint shall be incorporated into his amended complaint by reference. Of course, Plaintiff may also pursue his claims in state court, if appropriate.

## V. MOTION FOR COUNSEL

**\*6**  It is well-settled there is no right to appointment of counsel in civil matters. *See, e.g.*, *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party. 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel."). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Thus, appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Id.* at 172-73.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, No. 93-CV-1449 (TJM) 899 F. Supp. 972, 974 (N.D.N.Y. Oct. 16, 1995) (citing *Hodge*, 802 F.2d at 621).

The Court finds appointment of counsel is not warranted at this time. Plaintiff has not attached correspondence that substantiates his effort to obtain counsel from the public and private sector. *See Terminate Control Corp.*, 28 F.3d at 1341. Moreover, because the Court is recommending dismissal of the complaint, the Court is unable to determine, as a threshold matter, whether Plaintiff's claims are likely to be of substance. *Id.*

Accordingly, Plaintiff's motion for counsel is denied without prejudice. Dkt. No. 4. Any future motion for counsel must be accompanied by documentation that substantiates Plaintiff's efforts to obtain counsel from both the public and private sectors.

## VI. MOTION TO OBTAIN ECF LOGIN AND PASSWORD

Plaintiff has also submitted a motion to obtain an ECF login and password. Dkt. No. 5. *Pro se* plaintiffs are not automatically granted access to electronic filing. *Gencarelli v. Coca-Cola Co.*, No. 1:20-CV-85 (TJM/CFH), 2020 WL 2561258, at \*9 (N.D.N.Y. April 13, 2020), *report-recommendation adopted*, 2020 WL 2559914 (N.D.N.Y. May 20, 2020). "As Plaintiff has not presently demonstrated a special circumstance or need, there is no reason that permitting electronic filing, as opposed to filing

traditionally, by mail, will impact Plaintiff's ability to effectively litigate this matter." *Id.* (citing General Order 22). Moreover, because this Court is recommending dismissal of the complaint at this time, the Court declines to exercise its discretion to allow Plaintiff to use the Court's electronic filing system. *See Amato v. McGinty*, No. 1:17-CV-593 (MAD/ATB), 2017 WL 9487185, at *11 (N.D.N.Y. June 6, 2017) (denying motion to obtain ECF privileges without prejudice). Accordingly, Plaintiff's motion to obtain an ECF login and password is denied without prejudice. Dkt. No. 5.

## VII. CONCLUSION

**\*7  ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**,[3] and it is further

---

[3]    Although Plaintiff's application to proceed IFP has been granted, Plaintiff will still be required to pay fees that he may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

---

**RECOMMENDED** that Plaintiff's claims against New York State be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii); and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITH LEAVE TO AMEND**; and it is further

**ORDERED** that Plaintiff's motion for counsel (Dkt. No. 4) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's motion to obtain an ECF login and password (Dkt. No. 5) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report-Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[4] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[4]    If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

---

**IT IS SO ORDERED.**

## All Citations

Slip Copy, 2024 WL 3298967

---

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Fennelly v. City of Troy, Slip Copy (2024)
Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 32 of 39
2024 WL 2830577

2024 WL 2830577
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Donald R. FENNELLY, Plaintiff,

v.

CITY OF TROY, New York State, and County of Rensselaer, Defendants.

1:24-CV-172 (MAD/TWD)
|
Signed June 4, 2024

**Attorneys and Law Firms**

DONALD R. FENNELLY, 579 4th Street, Troy, New York 12180, Plaintiff, pro se.

## ORDER

Mae A. D'Agostino, United States District Judge:

**\*1**  On February 5, 2024, Plaintiff Donald R. Fennelly commenced this action, *pro se*, against Defendants City of Troy, New York State, and County of Rensselaer. *See* Dkt. No. 1. Plaintiff alleges that Defendants violated his constitutional rights through various family court proceedings. *See id.* Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 2, a motion to appoint counsel, *see* Dkt. No. 4, and a motion for permission to file electronically. *See* Dkt. No. 5.

On May 10, 2024, Magistrate Judge Therese Wiley Dancks issued a Report-Recommendation and Order granting Plaintiff's IFP motion, recommending that Plaintiff's complaint be dismissed, and denying Plaintiff's request for counsel and to file electronically. *See* Dkt. No. 7.

Plaintiff did not file any objections to the Report-Recommendation and Order. When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the report-recommendation for clear error. *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his complaint under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Although the court has the duty to show liberality towards pro se litigants, ... there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Having reviewed the May 10, 2024, Report-Recommendation and Order, Plaintiff's complaint, and the applicable law, the Court does not discern any clear error in Magistrate Judge Dancks' recommendation to dismiss Plaintiff's complaint. Magistrate Judge Dancks correctly determined that New York State is immune from liability under the Eleventh Amendment. *See* Dkt. No. 7 at 7; *see also Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citation omitted) ("[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment

immunity"). Additionally, Plaintiff failed to set forth cognizable claims against the municipal Defendants: the City of Troy and County of Rensselaer. *See* Dkt. No. 7 at 7-9; *see also Arnold v. Town of Camillus, New York*, 662 F. Supp. 3d 245, 259 (N.D.N.Y. 2023). The Court also agrees with Magistrate Judge Dancks that Plaintiff's complaint does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *See* Dkt. No. 7 at 8-9. Rules 8 and 10 require, among other things, a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 8(a)(2), 10(b). Plaintiff's complaint contains neither; rather, his filing lists constitutional amendments, broadly asserts violations of oaths, ethical codes, and constitutional rights, and attaches a document addressed to the New York State Judicial Conduct Board concerning family court proceedings. *See* Dkt. No. 1. This is insufficient to meet the necessary pleading requirements.

 **\*2** As recommended by Magistrate Judge Dancks, and in light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend his complaint as to the claims against the City of Troy and County of Rensselaer. *See* Dkt. No. 7 at 10. However, any claims against New York State must be dismissed with prejudice and without leave to amend based on the state's immunity. *See Sitts v. New York State, et al.*, No. 3:20-CV-1476, 2021 WL 1910843, \*6 (N.D.N.Y. Jan. 7, 2021).

If Plaintiff decides to amend his complaint, he must clearly set forth the facts that give rise to the claim, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act. The revised pleading should allege facts demonstrating the personal involvement of any named Defendant. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Finally, Plaintiff is informed that any amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Jeanty v. Sciortino*, No. 6:22-CV-319, 2023 WL 2931863, \*14 (N.D.N.Y. Apr. 13, 2023). [1]

1    The Court directs Plaintiff to the instructions outlined in Magistrate Judge Dancks' Report-Recommendation and Order. *See* Dkt. No. 7 at 10.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint against Defendant New York State is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's complaint against Defendants City of Troy and County of Rensselaer (Dkt. No. 1) is **DISMISSED without prejudice,** with leave to file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2024 WL 2830577

---

**End of Document**                                                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

White v. Mielnicki, Not Reported in Fed. Supp. (2021)

Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 34 of 39

2021 WL 12188656

2021 WL 12188656

Editor's Note: Additions are indicated by Text and deletions by Text .
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Erik WHITE, Plaintiff,
v.
T. MIELNICKI, et al., Defendants.

9:21-CV-0791 (LEK/TWD)
|
Signed September 9, 2021

**Attorneys and Law Firms**

Erik White, Brooklyn, NY, Pro Se.

Nicholas W. Dorando, Steve Nguyen, State of New York—Attorney General, Albany Office, Albany, NY, for Defendants T. Mielnicki, T. Davis, T. Kozak, M. Debraccio, William Fennessy, Anthony J. Annucci, Jeff McKoy.

## DECISION AND ORDER

Lawrence E. Kahn, United States District Judge

### I. INTRODUCTION

**\*1** On or about July 12, 2021, pro se plaintiff Erik White ("Plaintiff"), an individual currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action with the filing of a complaint, accompanied by an application to proceed in the action in forma pauperis ("IFP"). Dkt. Nos. 1 ("Complaint") and 2 ("IFP Application"). The Clerk has forwarded Plaintiff's IFP application and Complaint to the Court for review.

### II. IFP APPLICATION [1]

[1]    Based on the allegations in Plaintiff's Complaint, as well as the publicly available information found on the New York State Department of Corrections and Community Supervision ("DOCCS") Inmate Lookup website, it appears that Plaintiff's criminal sentence expired in June 2021. Plaintiff nevertheless remains in DOCCS's custody pending the outcome of an Article 10 petition in state court. (Article 10 of the New York Mental Health Law ("MHL") governs sex offenders requiring civil inpatient commitment and outpatient supervision. See MHL § 10.01.) Because Plaintiff was not "currently detained as a result of an accusation, conviction, or sentence for a criminal offense" at the time he filed his Complaint, Jones v. Cuomo, 2 F.4th 22, 25 (2d Cir. 2021) (internal quotation marks and emphasis omitted), the Court has not assessed whether Plaintiff's IFP application complies with 28 U.S.C. § 1915(a)(2). In addition, although Plaintiff has undoubtedly acquired at least "three strikes" under 28 U.S.C. § 1915(g), because Plaintiff was not a "prisoner" as that word is defined under the Prison Litigation Reform Act at the time he commenced this action, the Court has not applied that provision against him.

Section 1915 of Title 28 of the United States Code ("Section 1915") "permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." Cash v. Bernstein, No. 9-CV-1922, 2010 WL 5185047, at \*1 (S.D.N.Y. Oct. 26, 2010). Upon review, the Court finds that Plaintiff has submitted a completed and signed

White v. Mielnicki, Not Reported in Fed. Supp. (2021)

Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 35 of 39

2021 WL 12188656

IFP application that demonstrates economic need. IFP Application; see 28 U.S.C. § 1915(a)(2). Accordingly, Plaintiff's IFP application is granted.

## III. DISCUSSION

### A. Standard of Review

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). [2] Thus, even if a plaintiff satisfies the financial criteria to commence an action IFP, it is the Court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the Court permits him to proceed with the action IFP. See id.

[2]    A complaint is frivolous for purposes of Section 1915 when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**\*2**  In reviewing a pro se litigant's complaint, the Court has a duty to liberally construe the pleadings, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution ... in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis original). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.' " Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

While Plaintiff was confined in DOCCS's custody, he was required to participate in the Sex Offender Counseling and Treatment Program ("SOCTP"). Compl. at 6. The SOCTP is governed by the New York State Office of Mental Health ("OMH"). Id. Plaintiff was enrolled in the SOCTP while he was confined in Mid-State Correctional Facility ("Mid-State C.F."). See generally Compl.

In order to successfully complete the SOCTP, participants must admit responsibility for the crimes of which they were convicted in writing and in group sessions. Id. at 6. According to Plaintiff, if a participant in the program refuses to take responsibility, he is negatively removed from the program, "his good time is rescinded, and his release from incarceration withheld until he either complies with the program's dictate, or [he reaches] his maximum release date." Id. at 7. Although Defendant Social Worker T. Mielnicki knew that Plaintiff had professed his innocence to the crimes of which he was convicted and knew that Plaintiff had an appeal pending challenging his criminal convictions, Defendant Mielnicki nevertheless required Plaintiff to take responsibility for his crimes as part of the SOCTP. Id.

On or about February 14, 2020, Defendant Mid-State C.F. Assistant Deputy Superintendent of Programs M. Debraccio informed Plaintiff that his "good time would be rescinded until [he] complete[d] the S.O.C.T.P.," which meant that Plaintiff would "not be released on [his], then, upcoming conditional release ... date, June 13, 2020, unless [he] finished the program in time." Id. at 7.

White v. Mielnicki, Not Reported in Fed. Supp. (2021)

Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 36 of 39

2021 WL 12188656

According to Plaintiff, Defendant Mid-State C.F. Superintendent Fennessy "support[ed]" Defendant Debraccio's determination. Id. at 8. Soon after Plaintiff's good time credit was rescinded, the pandemic shut down all prison programs, and Plaintiff was unable to complete the SOCTP in time to meet his conditional release date. Id.

On or about June 26, 2020, Plaintiff had a meeting with Defendant Mielnicki and Defendant Senior Counselor T. Davis. Id. at 9. They informed Plaintiff that he was "on probation for 30 days," during which time Plaintiff was provided the opportunity to "accept responsibility for [his] alleged offense(s)." Id. Plaintiff was told that his failure to accept responsibility during the probationary period would result in his negative removal from the SOCTP and his "release from incarceration would be withheld until either [he] compl[ied] with the program's dictate, or [his] maximum release date from prison, whichever came first." Id. Plaintiff thereafter "reluctantly ... took responsibility for the offense(s) charged against [him]," and his good time credit was reinstated and his "conditional release date had been reset to Oct[ober] 19[ ], 2020." Id. at 10.

**\*3** Plaintiff alleges that his statements provided in the SOCTP regarding his alleged crimes "are currently being used against [him]" in connection with his Article 10 proceeding. Id. at 11.

In addition to Defendants Mielnicki, Debraccio, Fennessy, and Davis, Plaintiff's Complaint names Mid-State C.F. Deputy Superintendent of Programs T. Kozak, John/Jane Does, DOCCS Acting Commissioner Anthony Annucci, DOCCS Deputy Commissioner of Programs Jeff McKoy, OMH, and the State of New York as defendants.

Liberally construed, Plaintiff's Complaint asserts violations of his constitutional rights arising under the Fifth and Fourteenth Amendments.[3] See generally Compl. For a complete statement of Plaintiff's claims, reference is made to the Complaint.

[3]     Plaintiff also invokes the Eighth Amendment in his Ce omplaint. See Compl. at 8, 11. The Eighth Amendment, however, prohibits punishment that is "incompatible with 'the evolving standards of decency that mark the progress of a maturing society[,]' or 'involve[s] the unnecessary and wanton infliction of pain[.]' " Estelle v. Gamble, 429 U.S. 97, 102–03 (1976) (quoting Trop v. Dulles, 356 U.S. 86, 100–01 (1958) and Gregg v. Georgia, 428 U.S. 153, 169–73 (1976) (citations omitted)). Even liberally construed, Plaintiff's Complaint does not allege that he was subjected to cruel and unusual punishment under the Eighth Amendment. Instead, the primary thrust of Plaintiff's Ce omplaint is that, by mandating he take responsibility for the underlying crimes of which he was convicted while enrolled in the SOCTP, Defendants forced him to violate his right against self incrimination under the Fifth Amendment and/or that they violated his substantive due process rights under the Fifth and Fourteenth Amendments. Because the Court is obligated to "read the pleadings of a *pro se* Plaintiff liberally and interpret them to 'raise the strongest arguments that they suggest,' " McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)), the Court has construed Plaintiff's Complaint to assert claims arising under only the Fifth and Fourteenth Amendments.

**C. Analysis**

In part, Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights [but] provides ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

**1. State of New York, OMH**

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. Amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); Cory v. White, 457 U.S. 85, 90–91 (1982); Gollomp v. Spitzer,

White v. Mielnicki, Not Reported in Fed. Supp. (2021)
Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 37 of 39
2021 WL 12188656

568 F.3d 355, 365–66 (2d Cir. 2009). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. Gollomp, 568 F.3d at 365-66. It is well-settled that Congress did not abrogate states' immunity through Section 1983. Quern v. Jordan, 440 U.S. 332, 343–45 (1979). Immunity extends not only to the states, but also to state agencies such as OMH. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142–47 (1993); McGinty v. N.Y., 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.' "). Accordingly, Plaintiff's claims in this action against the State of New York and OMH are dismissed as frivolous pursuant to Section 1915(e)(2)(B)(i) as barred by Eleventh Amendment immunity. See Neitzke v. Williams, 490 U.S. 319, 327 (1989) (deciding that claims asserted against defendants that are "clear[ly] ... immune from suit" may be dismissed "based on an indisputably meritless legal theory"); Williams v. New York, No. 18-CV-8353, 2019 WL 1745762, at *2 (S.D.N.Y. Apr. 17, 2019) ("The Court therefore dismisses Plaintiff's [Section] 1983 claims against the State of New York under the doctrine of Eleventh Amendment immunity, and because these claims are frivolous.").

### 2. Defendants Kozak, John/Jane Doe, Annucci, McKoy

**\*4** In this case, Defendants Kozak, John/Jane Doe, Annucci, and McKoy are listed in the caption of Plaintiff's Complaint, but no mention is made of any of them in the body of the Complaint. Compl. at 1–4. "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." Cipriani v. Buffardi, No. 06-CV-0889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citing Gonzalez v. City of N.Y., No. 97-CV-2246, 1998 WL 382055, at *2 (S.D.N.Y. Jul. 9, 1998)); see also Crown v. Wagenstein, No. 96-CV-3895, 1998 WL 118169, at *2 (S.D.N.Y. Mar. 16, 1998) (dismissing claims asserted against the defendant-superintendent because the complaint "mention[ed him] only in the caption, and fail[ed] to allege any act or omission by [him]"). Because the Complaint fails to allege any facts reflecting that Defendants Kozak, John/Jane Doe, Annucci, and McKoy were involved in any alleged constitutional violation, the claims asserted against those individuals are dismissed for failure to state a claim upon which relief may be granted pursuant to Section 1915(e)(2)(B)(ii).

### 3. Claims Asserted Against Defendant Fennessy

Plaintiff's Complaint alleges that Defendant Debraccio rescinded Plaintiff's good time credits on or about February 14, 2020. Compl. at 7. Plaintiff attempts to impute that decision to Defendant Fennessy by alleging that "accountability should also, rightly, be shared by ... [Defendant] Fennessy" because he "support[ed] ... [Defendant] Debraccio's determination." Id. These allegations reflect a plain attempt to assert claims against Defendant Fennessy based on a theory of respondeat superior or vicarious liability. Those theories of liability, however, are not available under Section 1983. See Iqbal, 556 U.S. at 676 ("[V]icarious liability is inapplicable to ... [Section] 1983 suits."). "[A] plaintiff must plead that each [defendant], through [his] own individual actions, has violated the Constitution." Id.; accord, Tangreti v. Bachmann, 983 F.3d 609, 616 (2d Cir. 2020). Because the Complaint fails to allege that Defendant Fennessy took any specific action against Plaintiff that would give rise to a constitutional violation, the claims asserted against Defendant Fennessy are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii).

### 4. Fifth Amendment Double Jeopardy Claim

The Court has also considered whether Plaintiff's Complaint alleges sufficient facts plausibly suggesting that the use of Plaintiff's statements in the SOCTP violated the Double Jeopardy Clause of the Fifth Amendment. See Compl. at 12. In Hudson v. United States, 522 U.S. 93 (1997), the Supreme Court emphasized that the Double Jeopardy Clause "protects only against the imposition of multiple *criminal* punishments for the same offense." Hudson, 522 U.S. at 99. (emphasis original). Here, in contrast, Plaintiff alleges that his statements are being used in connection with a *civil* proceeding pursuant to Article 10 of the MHL. Compl. at 12; see State v. Floyd Y., 22 N.Y.3d 95, 104 (2013) ("[A]rticle 10 trials are civil proceedings[.]"). In addition, to the extent that

White v. Mielnicki, Not Reported in Fed. Supp. (2021)

2021 WL 12188656

Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 38 of 39

Plaintiff's allegations amount to a constitutional challenge to his Article 10 civil confinement as violating the Double Jeopardy Clause, that claim also is without merit. See, e.g., Kansas v. Hendricks, 521 U.S. 346, 369–70 (1997) (finding the civil detention of a sex offender pursuant to state statute is constitutionally authorized because it "does not constitute a second prosecution" nor is the involuntary detention "tantamount to 'punishment' "); accord, Mental Hygiene Legal Servs. v. Spitzer, No. 07-CV-2935, 2007 WL 4115936, at *6 (S.D.N.Y. Nov. 16, 2007) ("Plaintiffs do not challenge New York's authority to involuntarily commit individuals who have in the past committed sexual crimes and are at present mentally ill and dangerous. Nor can they, because the Supreme Court has held that such detention is constitutionally authorized."). Accordingly, Plaintiff's Fifth Amendment double jeopardy claims are dismissed pursuant to Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

#### 5. Remaining Claims Asserted Against Defendants Mielnicki, Davis, and Debraccio

**\*5**  Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, see, e.g., Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Court will require a response to Plaintiff's self-incrimination and due process claims arising under the Fifth and Fourteenth Amendments asserted against Defendants Mielnicki, Davis, and Debraccio. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**;[4] and it is further

[4]    Plaintiff should note that, although his IFP application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED** that the Complaint (Dkt. No. 1) is **ACCEPTED** for filing to the extent it asserts self-incrimination and due process claims arising under the Fifth and Fourteenth Amendments against Defendants Mielnicki, Davis, and Debraccio; and it is further

**ORDERED** that, except as to the foregoing, the remaining claims asserted in Plaintiff's Complaint are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);[5] and it is further

[5]    Should Plaintiff seek to pursue any of the claims dismissed without prejudice, including any claims asserted against a terminated defendant, he must file an amended complaint. Any amended complaint, which shall supersede and replace the original complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant that Plaintiff has a legal right to pursue, and over which jurisdiction may properly be exercised. Any amended complaint filed by Plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's deadline to amend his pleading as a matter of course is set forth in Rule 15(a) of the Federal Rules of Civil Procedure.

**ORDERED** that the Clerk of the Court shall issue a summons and forward it, along with a copy of the Complaint, to the United States Marshals for service upon Defendants Mielnicki, Davis, and Debraccio. The Clerk shall forward a copy of the summonses and Complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the Complaint shall be filed by Defendants Mielnicki, Davis, and Debraccio, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

White v. Mielnicki, Not Reported in Fed. Supp. (2021)

Case 6:24-cv-01357-GTS-TWD    Document 8    Filed 02/19/25    Page 39 of 39

2021 WL 12188656

**ORDERED** that the Clerk shall **TERMINATE** from the docket Defendants Kozak, Fennessy, John/Jane Doe, Annucci, McKoy, New York State Office of Mental Health, and State of New York; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**\*6 ORDERED** that the Clerk of the Court serve on Plaintiff a copy of this Decision and Order.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2021 WL 12188656

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.