UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERICK CANFIELD,
a/k/a Fredrick Canfield,

                Plaintiff,

v.                                  6:24-CV-1357
                                      (GTS/TWD)

STATE OF NEW YORK,

                Defendant.
_____

APPEARANCES:

FREDERICK CANFIELD, 23-B-5349
  Plaintiff, *Pro Se*
Mohawk Correctional Facility
P.O. Box 8451
Rome, New York 13440

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Frederick Canfield ("Plaintiff") against the State of New York ("Defendant") asserting claims for unlawful search and unlawful arrest, are United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed, and Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 8, 10.)

Even when construed with the utmost of special leniency, Plaintiff's Objection contains no specific challenge[1] to any portion of the Report-Recommendation. (Dkt. No. 10.) Rather, in

---

[1] To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d

his Objection, Plaintiff (1) argues that both his illegal search and unlawful arrest claims are viable and should not be dismissed, and (2) asks the Court to reconsider appointing counsel to assist him in this matter. (*Id*.)

In any event, even if Plaintiff's Objection could be liberally construed as containing specific challenges to various portions of the Report-Recommendation, the Court finds, after carefully reviewing the relevant papers herein, no error[2] in those portions, and no clear error[3] in the remaining portions of the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 8.) As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein with one modification.

Although the Report-Recommendation recommends dismissal of the Complaint *with*

---

758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

[3] When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

prejudice as frivolous based on the doctrine of sovereign immunity, the Court finds that the more prudent course, under the circumstances, would be to dismiss the Complaint *without* prejudice. *See Mulhern Gas Co., Inc. v. Rodriguez*, 23-CV-1267, 2024 WL 3992588, at *8 (N.D.N.Y. Aug. 29, 2024) (Suddaby, J.) ("In light of this significant uncertainty [regarding whether a dismissal pursuant to the Eleventh Amendment is jurisdictional or merely an affirmative defense] . . . , the Court finds that the most appropriate course is to dismiss the claims against Defendant New York Department of State, Defendant Code Council, and the various individual defendant members of the Code Council in their official capacities only without prejudice."); *Van De Bovenkamp v. Neb. Dep't of Roads*, 11-CIV-6881, 2012 WL 13389071, at *1 (S.D.N.Y. March 16, 2012) ("Given the uncertainty in the case law and the recent cases where the Second Circuit has affirmed an Eleventh Amendment dismissal on the basis of subject matter jurisdiction, the Court will dismiss this action without prejudice.").

Generally, a dismissal for lack of subject-matter jurisdiction must be without prejudice.[4] Granted, it appears to still remain an "open question" in the Supreme Court and the Second Circuit whether a dismissal for sovereign immunity is for one failure to state a claim (under Fed. R. Civ. P. 12[b][6]) and one for lack of subject-matter jurisdiction (under Fed. R. Civ. P.

---

[4] *See, e.g., Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice."); *Green v. Dep't of Educ. of City of N.Y.,* 16 F.4th 1070, 1074 (2d Cir. 2021) ("When subject matter jurisdiction is lacking, the district court lacks the power to adjudicate the merits of the case, and accordingly Article III deprives federal courts of the power to dismiss the case with prejudice.") (internal quotation marks omitted); *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("One other wrinkle: when a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss [the] case with prejudice. . . . . As a result, where a case is dismissed for lack of Article III standing, as here, that disposition cannot be entered with prejudice, and instead must be dismissed without prejudice.") (internal quotation marks and citation omitted).

12[b][1]).[5]  However, the Second Circuit has routinely affirmed such dismissals based on a lack of subject-matter jurisdiction.[6]  Furthermore, usually, when the nature of such dismissals have been clear, they have been without prejudice.[7]  (As an aside, the Court notes that the fact that the

---

[5] *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (leaving open the question of whether "Eleventh Amendment immunity is a matter of subject-matter jurisdiction"); *Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 50 n.1 (2d Cir. 2020) ("Whether Eleventh Amendment immunity 'constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense' has not yet been decided by the Supreme Court or this Court."), accord *Allco Fin. Ltd. v. Roisman*, No. 22-2762, 2023 WL 4571965, at *1 (2d Cir. July 18, 2023); *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) ("[W]hether the claim of sovereign immunity constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense is an open question in the Supreme Court and the Second Circuit."); *cf. Weaver v. N.Y.S. Unified Ct. Sys.*, 23-CV-1518, 2024 WL 3066906, at *6 (N.D.N.Y. June 20, 2024) (Suddaby, J.) (speculating that "it appears to be a factually specific inquiry (if not an open question) whether a dismissal based on sovereign immunity is one based on a lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or one based on a failure to state a claim under Fed. R. Civ. P. 12(b)(6).").

[6] *See, e.g., Kelly v. N.Y.S. Unified Court Sys.,* No. 21-1633, 2022 WL 1210665, at *1-2 (2d Cir. Apr. 25, 2022) (affirming district court's granting of motion to dismiss *pro se* plaintiff's complaint against state court system based on sovereign immunity under Fed. R. Civ. P. 12[b][1]); *Mamot v. Board of Regents*, 367 F. App'x 191, 192-93 (2d Cir. 2010) ("As agencies of the State of New York, these defendants are all entitled to immunity under the Eleventh Amendment, and the district court lacked subject matter jurisdiction over Mamot's claims. . . . Accordingly, the district court properly granted defendants' motion to dismiss, and we affirm the judgment for the reasons articulated in this order."); *Gasparik v. Stony Brook Univ.*, 296 F. App'x 151 (2d Cir. 2008) ("[W]e find that the District Court properly concluded that it lacked subject matter jurisdiction because SUNY has not consented to be sued in a federal forum and so is immune from suit pursuant to the Eleventh Amendment."); *McGinty v. New York*, 251 F.3d 84, 101 (2d Cir.2001) ("[W]e are constrained to agree with the district court that it lacked subject matter jurisdiction over plaintiffs' claims because the Eleventh Amendment cloaks all defendants with sovereign immunity."); *Dorking Genetics v. United States*, 76 F.3d 1261, 1264 (2d Cir. 1996) ("[T]he district court properly dismissed Dorking's claim against the United States for lack of subject matter jurisdiction.").

[7] *See, e.g., Salis v. Dopico*, No. 24-1066, 2025 WL 880407, at *1-2 (2d Cir. March 21, 2025) (affirming district court's granting of motion to dismiss "without prejudice" *pro se* plaintiff's amended complaint against state officials acting in their official capacities based on sovereign immunity under Fed. R. Civ. P. 12[b][1]); *Dingle v. U.S. Dep't of Educ.*, No. 23-1003, 2025 WL 783732, at *1-2 (2d Cir. March 12, 2025) (affirming district court's granting of motion

4

dismissal in this case is based on frivolousness does not change the Court's analysis: although a dismissal due to sovereign immunity may certainly lead to a finding of frivolousness,[8] a dismissal for frivolousness may still be without prejudice.[9])

Indeed, perhaps most importantly, the Second Circuit (in a Summary Order) recently reversed a dismissal with prejudice based on the doctrine of sovereign immunity, because such a dismissal should have been without prejudice. *See Karupaiyan v. New York*, No. 23-1257, 2024 WL 2174272, at *2 (2d Cir. May 15, 2024) ("[B]ecause the district court lacked jurisdiction over the claims against the State of New York, it was erroneous to dismiss those claims with prejudice rather than without prejudice."). Such a dismissal without prejudice offers the added benefit of effectively giving this *pro se* Plaintiff an opportunity to identify the individual(s) whom he may correctly sue in the proper capacity and/or for the proper relief (albeit in a separate proceeding, because the Court lacks subject-matter jurisdiction over any complaint that may be amended in this proceeding).

For all of these reasons, the dismissal is without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety as modified above; and it is further

---

to dismiss *pro se* plaintiff's amended complaint "without prejudice" against federal department based on sovereign immunity under Fed. R. Civ. P. 12[b][1]).

[8] *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (observing that "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit'" in a case involving absolute immunity)

[9] *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1722 (2020) ("[C]ourts can and sometimes do dismiss at least frivolous actions without prejudice.").

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is <u>**DISMISSED**</u> **without prejudice.**

Dated: May 5, 2025
      Syracuse, New York

                                                Glenn T. Suddaby
                                                U.S. District Judge